SEVEN D. ENTERPRISES, LTD., a Michigan Corporation and Len J. Dillon, Jr., Individually and as assignee of Bradford Trucking Co., a Michigan Corporation, Plaintiffs,

v.

Angelo FONZI and Transportation Management Corp., a Pennsylvania Corporation, jointly and severally, Defendants.

Civ. A. No. 7–70251.

United States District Court, E. D. Michigan, S. D.

Sept. 7, 1977.

Nathan E. Shur, Zeff & Zeff, Detroit, Mich., for plaintiffs.

Thomas F. Koernke, Warner, Norcross & Judd, Grand Rapids, Mich., for defendants.

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KEITH, Chief Judge.

The defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Briefs were filed in support of and in opposition to this motion, and the matter came on for a hearing on April 25, 1977. At the conclusion of the hearing, the court denied defendants' motion. Subsequent to the hearing, it came to the court's attention that it had not had before it an affidavit prepared by the defendant Angelo Fonzi for the court's consideration in connection with the motion for summary judgment. Therefore, the defendants moved pursuant to Rule IX(n) of the Local Court Rules for reconsideration by the court of its decision of April 25, 1977, denying the motion for summary judgment. Further briefs have been received in support of and in opposition to the motion for summary judgment and the request for reconsideration. The court is now fully advised in the premises.

The court will grant defendants' request for reconsideration of the decision of April 25, 1977, denying their motion for summary judgment and will re-examine the arguments in support of and in opposition to this motion.

A motion for summary judgment shall be granted if it appears from the affidavits submitted in support of and in opposition to the motion and from the pleadings, depositions, answers to interrogatories, and admissions, if any, that are a part of the record that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c). The court does not sit to try disputed issues of fact on a summary judgment motion, but only to determine whether such issues exist to be tried. *Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir. 1976); *Cox v. American Fidelity & Cas. Co.*, 249 F.2d 616, 618 (9th Cir. 1957). The court will be especially reluctant to grant the motion if it appears that the action involves the state of mind of one of the parties. *Croley v. Matson Navigation Co.*, 434 F.2d 73 (5th Cir. 1970).

This is an action alleging tortious interference by the defendant Angelo Fonzi with the contractual relationship between the plaintiffs Bradford Trucking Co. (hereinafter Bradford), a Michigan corporation, and Seven D. Enterprises (hereinafter Seven D.), a Michigan corporation, and Interstate Motor Freight Systems (hereinafter Interstate), a Michigan corporation not a party to this action. Defendant Fonzi, acting on Interstate's behalf as its Vice President and General Manager of its Steel Hauling Division, concluded agreements with Bradford and Seven D. in April, 1974, whereby Bradford was designated the Interstate agent in the Detroit and Toledo, Ohio, metropolitan areas, and Seven D. was to lease certain equipment to Interstate's Steel Hauling Division. Interstate's Steel Hauling Division was operated by Transportation Management Corp. (hereinafter TMC), a Pennsylvania corporation whose sole shareholder, officer, and employee is Mr. Fonzi.

Three months after the aforementioned agreements between Bradford and Seven D. were entered into with Interstate, they were terminated by Fonzi on Interstate's behalf. It is that termination which forms the basis for this lawsuit. The plaintiffs charge in their complaint that Fonzi

did willfully, intentionally, maliciously, and wrongfully induce and cause said Interstate Motor Freight System to breach and/or terminate its said contracts with Plaintiffs, thereby wrongfully diverting and siphoning off the business from said contracts to the benefit of himself and to

Defendant, Transportation Management Corp.

Complaint, Count I, ¶ 9. In the affidavit submitted by Fonzi in support of this summary judgment motion, he seeks to show that the contracts were terminated because the plaintiffs failed to adequately perform their duties pursuant to the agreements, and Interstate was being harmed by the continuing contractual relationship. These claims are controverted, however, by the affidavit submitted by plaintiff Len Dillon, successor in interest and assignee of the claim of Bradford Trucking Co. Thus, a substantial issue of fact exists between these parties, to wit, whether Fonzi had just cause to recommend to Interstate that the contracts be terminated or whether he did not have just cause and was acting solely to benefit himself and TMC, as the plaintiffs claim.

■ The elements of tortious interference with contractual relations are as follows:

(1) the defendants' knowledge of the contract between plaintiff and the third party, (2) defendants' unjustified inducement of the third party to breach or otherwise render impossible the performance of the contract, (3) the subsequent breach or other such act by the third party, and (4) damage to plaintiff.

*Bailey v. Meister Brau, Inc.*, 378 F.Supp. 869 (N.D.Ill.1973). The question of whether Mr. Fonzi's actions were legally justified is the unresolved factual issue which precludes the granting of summary judgment in this case.

The question of whether an interference with contractual rights is justified is basically a question of fact which is resolved by inquiring into the 'good faith' of the party inducing the breach of contract. *See American Surety Co. v. Schottenbauer*, 257 F.2d 6, 12–13 (8th Cir. 1958); *Mellor v. Budget Advisors, Inc.*, [415 F.2d 1218, 1221 (7th Cir. 1969)].

*Bailey v. Meister Brau, Inc.*, 535 F.2d 982 (7th Cir. 1976). *See*, 26 A.L.R.2d 1227 (1952).

In *Morgan v. Andrews*, 107 Mich. 33, 64 N.W. 869 (1895), an action for malicious interference with a contract, the Michigan Supreme Court quoted with approval the following language from *Chipley v. Atkinson*, 23 Fla. 206, 1 So. 934 (1887):

Merely to persuade a person to break his contract may not be wrongful in law or fact; still, if the persuasion be used for the indirect purpose of injuring the plaintiff, *or benefiting the defendant at the expense of the plaintiff*, it is a malicious act, which, in law and in fact, is a wrongful act, and therefore an actionable act, if injury issues from it. [Emphasis added.]

107 Mich. at 39, 64 N.W. at 71. Although the court in *Morgan* stated that interference with a contract could be malicious *per se*, the case itself involved acts by the defendant which were libelous, and therefore tortious, independent of the contractual interference claim. However, in *Wilkinson v. Powe*, 300 Mich. 275, 1 N.W.2d 539 (1942), an action for tortious interference with a contract which did not involve other tortious conduct by the defendant, the court, citing *Morgan v. Andrews, supra*, and the leading English case of *Lumley v. Gye*, 2 El. & Bl. (Q.B.1852) 216, 118 Eng.Rep. 749, stated:

A prima facie case is established when plaintiff proves the intentional procurement of a breach of contract, and upon such proof, it becomes incumbent upon defendant to show justification. See 84 A.L.R. p. 79

\* \* \* \* \* \*

No categorical answer can be made to the question of what will constitute justification, and it is usually held that this question is one for the jury.

300 Mich. at 282–283, 1 N.W.2d at 542.

■ Defendant Fonzi distinguishes *Wilkinson v. Powe, supra*, from the case at bar on the ground that in *Wilkinson* the defendant was a stranger to the contract between the plaintiff and a third party, while in the instant case, he is the employee and agent of one of the contracting parties. He therefore asserts that whether or not he was justified in terminating the contracts is not

a question for the jury to decide and, relying on *Greyhound Corp. v. Commercial Casualty Co.*, 259 A.D. 317, 19 N.Y.S.2d 239 (App.Div.1940), asserts that as a corporate employee and officer who acted on his employer's behalf he is immune from a tortious interference with contract suit unless he committed a separate tort apart from the alleged interference. The court disagrees. The trier of fact must decide whether the defendant acted on his employer's behalf or for his own benefit when he terminated the contract and lease agreements the plaintiffs had with Interstate. The fact that Fonzi was employed by Interstate to exercise the authority he used to terminate these contracts does not immunize his conduct if he used his authority to further his own ends at the plaintiffs' expense. The inference of regularity which might attach to his actions has been challenged by the plaintiffs, and the court cannot determine on the record before it that this challenge is frivolous or without merit.

Neither party has submitted any exhibits, depositions, or answers to interrogatories in support of or in opposition to this motion for summary judgment. The affidavits of Mr. Fonzi and Mr. Dillon are ex parte statements by witnesses who have not been subjected to cross-examination and whose demeanor the court and the trier of fact have not had an opportunity to examine. The other affidavits submitted by Mr. Fonzi—to show that he was in fact an Interstate Vice President and General Manager of its Steel Hauling Division during the period when this cause of action arose (affidavit of Michael P. Zell), that he was responsible for the making and termination of all contracts by the Steel Hauling Division (affidavit of Edwin Stoga), and that these plaintiffs brought a breach of contract action against Interstate in Michigan state court which was settled and dismissed with prejudice (affidavit of William K. Holmes)—assert facts which are not in dispute. Because there are other facts which are in dispute—whether defendant Fonzi had just cause to terminate Interstate's contracts with the plaintiffs, whether the contracts were terminable at will, whether Mr. Fonzi acted to

further his own interests separate and apart from the interests of Interstate—the court is of the opinion that summary judgment would be inappropriate.

THEREFORE, IT IS HEREBY ORDERED that defendants' motion for summary judgment be DENIED without prejudice.