HINDS v DEPARTMENT OF CORRECTIONS

Docket No. 58340. Submitted June 29, 1982, at Lansing.—Decided November 23, 1982.

Henry Hinds, an inmate of Jackson Prison, died after drinking orange juice laced with methanol-based duplicating fluid. Vicki S. Hinds, personal representative of the estate of Henry Hinds, filed suit against the Michigan Department of Corrections in the Court of Claims alleging that defendant was negligent in maintaining or failing to discover a structural defect in the Jackson Prison facility which allowed unauthorized personnel access to the duplicating fluid which Henry Hinds consumed. Defendant moved for summary judgment on the ground that plaintiff's complaint failed to state a claim upon which relief could be granted. The trial court, James T. Kallman, J., ruled that plaintiff's claim did not set forth sufficient factual allegations which would avoid governmental immunity by coming within the public buildings exception to the governmental immunity statute and granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

There is no set of facts which can be derived from the plaintiff's complaint which would allow recovery under the public buildings exception to the governmental immunity statute.

Affirmed.

JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that a pleading of an opposing party has failed to state a claim upon which relief can be granted is to be tested on the pleadings alone, testing only the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

REFERENCE FOR POINTS IN HEADNOTE
61A Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Richard E. Shaw),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Peter J. Treleaven,* Assistant Attorney General, Corrections Division, for defendant.

Before: R. B. Burns, P.J., and D. F. Walsh and P. J. Marutiak,* JJ.

Per Curiam. Plaintiff's decedent, Henry Hinds, an inmate at Jackson Prison, died on May 24, 1979, some six days after ingesting orange juice laced with toxic methanol-based duplicating fluid. The deadly potion was obtained from other inmates who had access to the toxic duplicating solution.

An amended complaint, alleging that the defendant was negligent in "maintaining and/or failing to discover the structural defect in the Jackson Prison facility which structural defect allowed unathorized *[sic]* personnel access to certain dangerous materials including the duplicating fluid which your plaintiff's decedent consumed", was filed on August 28, 1980. Thereafter, defendant moved for summary judgment on the basis that the plaintiff's complaint had not stated a claim upon which relief could be granted. GCR 1963, 117.2(1). The trial court ruled that plaintiff's claim did not set forth sufficient factual allegations which would avoid governmental immunity by coming within the public buildings exception, MCL 691.1406; MSA 3.996(106).

We agree with the trial judge and affirm.

The standard governing this Court's review of a

* Circuit judge, sitting on the Court of Appeals by assignment.

grant or denial of a motion based on summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested on the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). The motion tests only the legal basis of the complaint, not whether it can be factually supported. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

We find this case far different from the cases which have allowed plaintiffs to proceed against governmental entities where pleadings have alleged a dangerous building by way of improper design, faulty construction or the absence of safety devices. *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978); *Lockaby v Wayne County,* 406 Mich 65, 76; 276 NW2d 1 (1979); *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979).

Bringing intoxicants, drugs or narcotics into prisons operated by the state or dispensing or giving them to prisoners is unlawful. MCL 800.281; MSA 28.1621; MCL 801.263; MSA 28.1775(3); *People v Robert Lewis (On Remand),* 97 Mich App 650; 296 NW2d 62 (1980).

Prisoners or guards who acted illegally in unlawfully furnishing the deceased the lethal brew that he drank cannot in any way be held to be the agents or the servants of the State of Michigan.

There is no set of facts which can be derived from the plaintiff's complaint which would allow recovery under the public buildings exception to the governmental immunity statute.

Affirmed.