STACK v MARCUM

Docket No. 77247. Submitted February 5, 1985, at Detroit.—Decided October 9, 1985.

Plaintiff Mark C. Stack was employed by International Telephone and Telegraph, Inc. until his employment was terminated. He was later rehired, then was terminated again. In both instances, his employment was terminated by his supervisor, David L. Marcum. Plaintiff and his wife, Sandra Stack, then brought an action in the Wayne Circuit Court against Marcum and ITT alleging that Marcum tortiously interfered with his business contract, and plaintiff's wife alleged a derivative claim against Marcum for loss of consortium. Plaintiffs and ITT entered into a settlement and the suit against ITT was dismissed. Marcum filed a motion for summary judgment which the trial court, Charles S. Farmer, J., granted, thereby dismissing the complaint. Plaintiffs appeal. *Held:*

1. Plaintiff stated a valid claim aginst Marcum, making summary judgment under GCR 1963, 117.2(1) inappropriate. Because plaintiff-husband's claim is still viable, plaintiff-wife's claim, being derivative in nature, is also viable.

2. The trier of fact must decide whether Marcum acted on his employer's behalf or for his own benefit when he terminated the employment contract with ITT. The fact that Marcum was employed by ITT to exercise the authority he used to terminate the contract does not immunize his conduct if he used his authority to further his own ends at the plaintiff's expense.

Reversed and remanded.

REFERENCES

Am Jur 2d, Interference §§ 45-48.

Am Jur 2d, Master and Servant § 339.

Am Jur 2d, Pleading §§ 230-237.

Am Jur 2d, Torts §§ 23-25.

Liability of one who induces termination of employment of another by threatening to end own contractual relationship with employer. 79 ALR3d 672.

Reviewability of order denying motion for summary judgment. 15 ALR3d 899.

See also the annotations in the ALR3d/4th Quick Index under Contracts.

M. J. Kelly, J., dissented. He would hold that, taking as true what the plaintiffs alleged, defendant Marcum acted within the scope of his employment in terminating plaintiff Mark Stack. He would find that plaintiffs have failed to state a claim upon which relief may be granted. He would follow the general rule of law that one may not tortiously interfere with one's own contract.

## Opinion of the Court

1. Judgments — Summary Judgment — Court Rules.

A motion for summary judgment on the ground that a pleading of an opposing party has failed to state a claim upon which relief can be granted is to be tested on the pleadings alone, testing only the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. Contracts — Torts — Interference with Contracts — Employers — Employees.

A corporate employee who terminates another employee's contract with their employer may be found guilty of tortious interference with a contract to which his employer is a party; the trier of fact must decide whether the defendant employee acted on his employer's behalf or for his own benefit when he terminated the contract which the plaintiff had with the employer and the fact that the defendant was employed by the employer to exercise the authority he used to terminate the contract does not immunize his conduct if he used his authority to further his own ends at the plaintiff's expense.

### Dissent by M. J. Kelly, J.

3. Contracts — Torts — Interference with Contracts.

The general rule of law is that one may not tortiously interfere with one's own contract.

*Walter A. Lucken,* for plaintiffs.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Richard C. Sanders* and *Linda S. Walton),* for defendant.

Before: BRONSON, P.J., and M. J. KELLY and S. J. LATREILLE,* JJ.

PER CURIAM. Mark C. Stack (hereinafter plaintiff) was first hired by International Telephone and Telegraph, Inc. at its United Plastics Division on July 23, 1974. His employment was terminated on April 15, 1976. In August, 1976, he was rehired by a different division of ITT and was again terminated in April, 1978. In both instances, plaintiff's employment was terminated by his supervisor, defendant Marcum.

Plaintiff and his wife then filed suit against ITT and Marcum. Plaintiff alleged that Marcum tortiously interfered with his business contract, and plaintiff's wife alleged a derivative claim against Marcum for loss of consortium. Plaintiffs and ITT entered into a settlement and the suit against ITT was dismissed.

Marcum then filed a motion for summary judgment, GCR 1963, 117.2(1), arguing that plaintiffs failed to state a claim because Marcum was acting as an agent of ITT and a corporate defendant acting through its employee cannot induce a tortious breach of its own contract. Defendant also sought summary judgment as to plaintiff-wife's claim because it, being derivative of her husband's claim, cannot be maintained if summary judgment is granted as to plaintiff-husband's claim. The trial court granted defendant's motion and dismissed the complaint. Plaintiffs now appeal as of right. We reverse.

As we stated in *Hinds v Dep't of Corrections,* 126 Mich App 99, 100-101; 337 NW2d 1 (1982),

"The standard governing this Court's review of a grant or denial of a motion based on summary judg-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

ment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested on the pleadings alone. *Todd v Biglow*, 51 Mich App 346; 214 NW2d 733 (1974). The motion tests only the legal basis of the complaint, not whether it can be factually supported. *Borman's, Inc v Lake State Development Co*, 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co*, 42 Mich App 426; 202 NW2d 577 (1972)."

Defendant argues, and the trial court apparently agreed, that the tort of intentional interference with contractual relations requires three distinct entities, two of which have a contractual relationship, and a third party, unrelated to the other two, who inferferes with the existing contractual relationship. See, *Wilkinson v Powe*, 300 Mich 275; 1 NW2d 539 (1942). Defendant further argues that because he was acting as an agent of ITT, a party to the contractual relationship, he cannot be held liable for interfering with what is, in essence, his own contract.

An identical argument was addressed and dismissed in *Seven D Enterprises, Ltd v Fonzi*, 438 F Supp 161, 163-164 (ED Mich, 1977), where the court held:

"Defendant Fonzi distinguishes *Wilkinson v Powe*, *supra*, from the case at bar on the ground that in *Wilkinson* the defendant was a stranger to the contract between the plaintiff and a third party, while in the instant case, he is the employee and agent of one of the contracting parties. He therefore asserts that whether or not he was justified in terminating the contracts is not a question for the jury to decide and, relying on

*Greyhound Corp v Commercial Casualty Co,* 259 AD 317; 19 NYS2d 239 (App Div 1940), asserts that as a corporate employee and officer who acted on his employer's behalf he is immune from a tortious interference with contract suit unless he committed a separate tort apart from the alleged interference. The court disagrees. *The trier of fact must decide whether the defendant acted on his employer's behalf or for his own benefit when he terminated the contract and lease agreements the plaintiffs had with Interstate. The fact that Fonzi was employed by Interstate to exercise the authority he used to terminate these contracts does not immunize his conduct if he used his authority to further his own ends at the plaintiffs' expense.* The inference of regularity which might attach to his actions has been challenged by the plaintiffs, and the court cannot determine on the record before it that this challenge is frivolous or without merit." (Emphasis added.)

Accord, *A S Rampell, Inc v Hyster Co,* 3 NY2d 369; 165 NYS2d 475; 144 NE2d 371 (1957); *Phillips v Montana Education Ass'n,* 187 Mont 419; 610 P2d 154 (1980). See, generally, Anno: *Liability for Procuring Breach of Contract,* 26 ALR2d 1227, § 42.

We agree with the Court's analysis in *Fonzi,* and hold therefore that plaintiff-husband stated a valid claim against defendant, making summary judgment under GCR 1963, 117.2(1) inappropriate. Because plaintiff-husband's claim is still viable, plaintiff-wife's claim, being derivative in nature, is also viable.

Reversed and remanded.

M. J. KELLY, J. *(dissenting).* I respectfully dissent. The general rule of law is that one may not tortiously interfere with one's own contract. *Wilkinson v Powe,* 300 Mich 275; 1 NW2d 539 (1942); Prosser, Torts (4th ed), § 129, p 934. Paragraph 2 of the complaint filed in this case by plaintiffs alleges

that "Defendant David L. Marcum at all times relevant herein was the agent[s], servant and employee of ITT, acting within the scope of his authority". In their answer, defendants admitted this agency relationship. I would hold plaintiffs to this allegation, incorporated by reference in their count of tortious interference with a business contract, notwithstanding what may appear to be other inconsistent and inartfully drafted theories. Taking as true, as plaintiffs allege, that defendant Marcum acted within the scope of his employment in terminating plaintiff Mark Stack, I would find that plaintiffs have failed to state a claim upon which relief may be granted. *Wilkinson v Powe, supra.*

The majority relies on *Seven D Enterprises, Ltd v Fonzi,* 438 F Supp 161 (ED Mich, 1977), for the proposition that a corporate employee and officer can be guilty of tortious interference with a contract to which his employer is a party. I think *Seven D Enterprises* is distinguishable in that the defendant-interferor in that action, Angelo Fonzi, acted in two separate capacities. Fonzi was vice-president and general manager of Interstate Motor Freight Systems, which contracted for the lease of certain equipment from Seven D. Fonzi was also the alter ego or sole shareholder of Transportation Management Corporation which was the beneficiary of the breach and termination of the contracts involved. In inducing Interstate's breach of the contract, Fonzi was obviously acting in his capacity as a corporate officer of Transportation. In any event, *Seven D Enterprises* is not binding precedent on this Court and, to the extent that it conflicts with the rule of *Wilkinson v Powe, supra,* I would decline to follow it.

I would affirm.