DZIERWA v MICHIGAN OIL COMPANY

Docket No. 86190. Submitted March 11, 1986, at Lansing. Decided
June 2, 1986.

Plaintiff, David J. Dzierwa, brought an action in the Jackson
Circuit Court against defendants, Michigan Oil Company (MOC)
and John J. Smith, the president and a director of MOC,
following the termination of plaintiff's employment with MOC.
Plaintiff's complaint specified four claims: Count I, discharge by
MOC without good or just cause; Count II, unjustifiable induce-
ment by Smith, causing MOC to breach its agreement with
plaintiff; Count III, unjustifiable interference by Smith with the
agreement between plaintiff and MOC; and Count IV, publica-
tion by Smith of objectionable material which tended to place
plaintiff in a false light, causing plaintiff embarrassment, hu-
miliation and emotional stress. Defendants filed a motion for
summary judgment and, before the motion was heard, the
parties agreed that plaintiff would file a first amended com-
plaint. Although defendants' motion was prepared in response
to plaintiff's original complaint, the trial court, Russell E.
Noble, J., granted summary disposition as to all counts of
plaintiff's first amended complaint. Plaintiff appeals from the
opinion and order granting summary disposition. *Held:*

1. The trial court properly ruled, after reviewing plaintiff's
amended complaint and all available depositions and affidavits,
that plaintiff's wrongful discharge claim (Count I) was unsup-
portable since his employment was terminable at will.

2. Summary disposition on Counts II and III was proper. To
maintain a cause of action for tortious inference with a con-
tract, a plaintiff must establish a breach of contract caused by
the defendant and that the defendant was a third party to the

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1070, 1071.
Am Jur 2d, Pleading §§ 71 *et seq.*
Am Jur 2d, Summary Judgment §§ 12 *et seq.*
Validity and enforceability of provision that employer shall be
liable for stipulated damages on breach of employment contract.
40 ALR4th 285.
See also the annotations in the ALR3d/4th Quick Index under
Judgments.

contract or business relationship. There was no factual support in this action for either element.

3. Plaintiff failed to plead facts sufficient to establish that the oral communication was broadcast to the public in general or publicized to a large number of people. Summary disposition was therefore proper in regard to Count IV, false light invasion of privacy.

4. The Court of Appeals rejected plaintiff's argument that the trial court should have granted him leave to amend his complaint following its ruling on defendant's motion. There is no record evidence that plaintiff sought leave to file a second amended complaint. In any event, plaintiff had a full and fair opportunity to draft his pleadings in response to issues raised by defendants.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.

A motion for summary judgment based on the absence of any genuine issue of material fact tests whether there is factual support for the claim, and a court ruling on such a motion must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it; before granting summary judgment the court should give the benefit of every reasonable doubt to the party opposing the motion and must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which could not be overcome (GCR 1963, 117.2[3]; MCR 2.116[C][10]).

2. CONTRACTS — EMPLOYMENT CONTRACTS — TERMINATION OF EMPLOYMENT.

Contracts for permanent employment are generally construed to be indefinite hirings terminable at the will of either party; however, a provision making indefinite employment terminable only for cause may be expressed in an oral or written contract, or may arise from an employee's legitimate expectations grounded in an employer's established policies and procedures; the mere subjective expectancy of continued employment on the part of an employee will not justify an expectation of termination for just cause only.

3. TORTS — INTERFERENCE WITH CONTRACT.

A plaintiff must establish a breach of contract caused by the defendant and that the defendant was a third party to the contract or business relationship in order to maintain a cause of action for tortious interference with a contract.

4. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

   A motion for summary judgment on the ground that the plaintiff
   has failed to state a claim upon which relief can be granted is
   to be tested by the pleadings alone; the motion tests only the
   legal, not the factual, sufficiency of the pleadings; the motion
   should be denied unless, taking all well-pleaded allegations as
   true, the alleged claims are so clearly unenforceable as a
   matter of law that no factual development can possibly justify
   a right to recover (GCR 1963, 117.2[1]; MCR 2.116[C][8]).

5. PRIVACY — FALSE LIGHT INVASION OF PRIVACY.

   An intentionally false comment does not create a cause of action
   for false light invasion of privacy unless it results in unreason-
   able and highly objectionable publicity that attributes to the
   plaintiff characteristics, conduct, or beliefs that are false so
   that he is placed before the public in a false position; such an
   action based on objectionable publicity resulting from oral
   communication should include pleadings sufficient to establish
   that the oral communication was broadcast to the public in
   general or publicized to a large number of people.

6. PLEADING — AMENDMENT OF PLEADINGS — SUMMARY JUDGMENT.

   A party may amend his complaint only by leave of the court
   where summary disposition has been entered against the party.

*Parker, Adams, Mazur & Matyjaszek, P.C.* (by
*Ronald J. Parker* and *James D. Adams*), for plain-
tiff.

*Varnum, Riddering, Schmidt & Howlett* (by
*Thomas J. Mulder* and *Joseph J. Vogan*), for defen-
dants.

Before: MACKENZIE, P.J., and ALLEN and G. W.
CROCKETT, III,* JJ.

MACKENZIE, P.J. Plaintiff began working for
defendant Michigan Oil Company (MOC) as vice
president and general manager in 1981 after two
interviews with defendant Smith, president and a
director of MOC, regarding the position. This case

---

* Recorder's court judge, sitting on the Court of Appeals by assign-
ment.

arises from plaintiff's 1984 termination of employment. Plaintiff appeals as of right from an opinion and order granting summary disposition, apparently pursuant to MCR 2.116(C)(8) and (10). We affirm.

Plaintiff filed his first complaint on May 18, 1984. The complaint specified four claims: Count I, discharge by MOC without good or just cause; Count II, unjustifiable inducement by Smith, causing MOC to breach its agreement with plaintiff; Count III, unjustifiable interference by Smith with the agreement between plaintiff and MOC; and Count IV, publication by Smith of objectionable material which tended to place plaintiff in a false light, causing plaintiff embarrassment, humiliation and emotional stress. On October 10, 1984, defendants filed a motion for summary judgment as to all counts pursuant to GCR 1963, 117.2(1) and (3), now 2.116(C)(8) and (10). Before the motion was heard, however, the parties agreed that plaintiff would file a first amended complaint. Although defendants' motion was prepared in response to plaintiff's original complaint, on May 22, 1985, the trial court granted summary disposition as to all counts of plaintiff's first amended complaint.

On appeal, plaintiff first contends that the trial court improperly granted summary disposition pursuant to MCR 2.116(C)(10) as to Count I. A motion brought under this subrule tests whether there is factual support for plaintiff's claim. A court, in deciding such a motion, must consider the pleadings, affidavits, depositions, admissions, and documentary evidence available to it and give the nonmoving party the benefit of every reasonable doubt. The motion must not be granted unless the court is satisfied that it is impossible to support the claim at trial because of some deficiency which cannot be overcome. See *Kortas v Thunderbowl &*

*Lounge,* 120 Mich App 84; 327 NW2d 401 (1982), discussing GCR 1963, 117.2(3).

Count I of plaintiff's amended complaint alleged that plaintiff was wrongfully discharged, without good or just cause. In our opinion, the trial court properly ruled, after reviewing plaintiff's amended complaint and all available depositions and affidavits, that plaintiff's claim was unsupportable since his employment was terminable at will.

Contracts for permanent employment are generally construed to be indefinite hirings terminable at the will of either party. *Lynas v Maxwell Farms,* 279 Mich 684, 687; 273 NW 315 (1937). Nevertheless, a provison making indefinite employment terminable only for cause may be expressed in an oral or written contract, or may arise from an employee's legitimate expectations grounded in an employer's established policies and procedures. See *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598; 292 NW2d 880 (1980). A mere subjective expectancy of continued employment on the part of an employee will not justify an expectation of termination for just cause only. *Schwartz v Michigan Sugar Co,* 106 Mich App 471; 308 NW2d 459 (1981), lv den 414 Mich 870 (1982).

In this case, it is undisputed that plaintiff was not hired pursuant to a written contract. The only established employment policies and procedures before the court neither stated nor implied that plaintiff (or any other employee) could be terminated by defendants only for cause. Plaintiff alleged in his complaint that when he accepted employment with MOC he was led to believe that he could be terminated only for just cause based upon statements made to him by Smith regarding his level of compensation and benefits, his possible future benefits, a possible future promotion, and

the amount of time he should take to learn the business before deciding whether or not to stay with the company. These were promises of what plaintiff could expect if his employment continued; they were not statements regarding MOC's termination policy. See *Schwartz, supra,* pp 478-479. Moreover, plaintiff's deposition testimony refutes such an understanding. Plaintiff testified that there were no promises that MOC would never ask for his resignation. He did not discuss during his interviews with Smith any restrictions on defendants' right to terminate his employment; in fact, plaintiff testified that he knew Smith had unrestricted authority to fire him. When asked to explain the basis for his belief that he could not be discharged except for cause, plaintiff said: "Because I came to do the job, and I did the job."

Plaintiff's expectation of continued employment with MOC is similar to that of the plaintiff in *Schwartz, supra,* p 479:

> Plaintiff's deposition testimony made it clear that he felt he could only be discharged for cause not because of any representations or policies promulgated, but because of his own personal belief that an employee doing competent work would be retained as a company asset. Plaintiff considered this "a convenience in almost any company". Such a subjective belief is insufficient to establish a contract implied in fact. Thus, although plaintiff's complaint sufficiently pled a cause of action on this theory, in fact, plaintiff's basis for the claim is not the objective circumstances of his employment, but his own personal view of what the law should be.

As this Court held in *Schwartz,* the trial court's dismissal of plaintiff's wrongful discharge claim in the instant case was proper.

Plaintiff next contends that the trial court erred in granting summary disposition as to Counts II and III of plaintiff's amended complaint. In these counts, plaintiff claimed that Smith, for reasons personal to himself, induced MOC to breach its contract with plaintiff and tortiously interfered with that contractual relationship. The trial court ruled that because Smith was essentially a party to the employment contract he was privileged to terminate the relationship and thus could not be sued for wrongful interference. We affirm the trial court's ruling on slightly different grounds.

To maintain a cause of action for tortious interference with a contract, a plaintiff must establish a breach of contract caused by the defendant, *Trepel v Pontiac Osteopathic Hospital,* 135 Mich App 361; 354 NW2d 341 (1984), lv den 422 Mich 853 (1985), and that the defendant was a "third party" to the contract or business relationship, *Seven D Enterprises, Ltd v Fonzi,* 438 F Supp 161 (ED Mich, 1977). In the instant case, there was no factual support for either element. First, since plaintiff's employment contract was terminable at will, there could be no breach arising from its termination. To the extent that *Tash v Houston,* 74 Mich App 566; 254 NW2d 579 (1977), lv den 401 Mich 822 (1977), would lead to a different result, we reject the majority's reasoning in that case and adopt that of the dissent. Second, as the trial court concluded, Smith was not a third party to plaintiff's employment relationship with MOC. Plaintiff, in his complaint, states that his employment agreement was made by Smith on behalf of MOC. Smith is a director of MOC, its president, a controlling shareholder, and director and chief executive officer of its parent corporation. He had express authority and responsibility for hiring, evaluating, supervising, and terminating plaintiff on behalf of

MOC. In short, Smith *is* the company on these facts. Summary disposition was therefore proper.

Plaintiff next challenges the trial court's ruling, apparently under MCR 2.116(C)(8), that plaintiff failed to state a cause of action for false light invasion of privacy against Smith. A motion under this subrule tests the legal sufficiency of the pleadings alone. All well pled allegations must be taken as true. The motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Hankins v Elro Corp,* 149 Mich App 22; 386 NW2d 163 (1986). In the instant case, the court noted that "[e]ven an intentionally false comment is not actionable unless it results in unreasonable and highly objectionable publicity that attributes to the plaintiff characteristics, conducts [sic], or beliefs that are false so that he is placed before the public in a false position." This analysis was correct. See, e.g., *Beaumont v Brown,* 401 Mich 80, 95, n 10; 257 NW2d 522 (1977); *Ledl v Quik Pik Food Stores, Inc,* 133 Mich App 583; 349 NW2d 529 (1984); *Reed v Ponton,* 15 Mich App 423, 426; 166 NW2d 629 (1968). Since plaintiff's amended complaint alleges incidents which occurred only in the presence of other employees or, at most, a handful of office visitors within hearing range, plaintiff failed to plead facts sufficient to establish that "the oral communication [was] broadcast to the public in general or publicized to a large number of people." *Reed v Ponton, supra,* p 426. Summary disposition was thus proper.

Finally, we reject plaintiff's argument that the trial court should have granted him leave to amend his complaint following its ruling on defendants' motion. Where summary disposition has been entered against a party, he can only amend

his complaint by leave of the court. *Steel v Cold Heading Co,* 125 Mich App 199; 336 NW2d 1 (1983). In this case, we find no record evidence that plaintiff sought leave to file a second amended complaint. In any event, we note that plaintiff was allowed to amend his complaint after defendants filed their motion for summary judgment, and hence had a full and fair opportunity to draft his pleadings in response to the issues raised by defendants.

Affirmed.