Joyce A. KELLY, Plaintiff,

v.

DRAKE BEAM MORIN, INC. and Terry H. McLeod, Defendants.

Civ. A. No. 88–CV–71503–DT.

United States District Court, E.D. Michigan, S.D.

Aug. 26, 1988.

Lynn H. Shecter, Birmingham, Mich., for plaintiff.

James C. Zeman, Detroit, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

Plaintiff, a resident of Michigan, brought this wrongful discharge action in Oakland County Circuit Court, against Drake Beam Morin, Inc. ("DBM"), plaintiff's former employer (a Delaware corporation), and Terry H. McLeod, plaintiff's former supervisor (a Michigan resident). Defendant DBM removed the action to this Court under 28 U.S.C. § 1332, diversity of citizenship between the parties, alleging that McLeod, a non-diverse defendant, was fraudulently joined, and had not been served. Plaintiff filed a Motion to Remand the action to Oakland County Circuit Court, which is now before this Court. The Court does not believe that oral arguments would aid the resolution of this motion and therefore dispenses with oral arguments under Local Rule 17(*l*)(2).

Plaintiff asserts that the case was improvidently removed because plaintiff has valid claims against defendant McLeod under the Elliott–Larsen Civil Rights Act, MCLA § 37.2101 *et seq.*, and for tortious interference with business advantage, thereby preventing this Court's diversity jurisdiction.

The burden of proving the existence of federal court jurisdiction is on the party who removed the action to federal court. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Bor–Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181, n. 13 (8th Cir.1978); *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983).

### I. Fraudulent Joinder

In the present case, DBM asserts that diversity jurisdiction exists because McLeod, the non-diverse defendant, was fraudulently joined.

Fraudulent joinder exists where a non-diverse party is added *solely* to deprive the court of jurisdiction. *Anderson v. Home Insur. Co.,* 724 F.2d 82, 84 (8th Cir.1983); *St. Paul Mercury v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1958); *Roe v. General American Life Insur. Co.,* 712 F.2d 450, 452 (10th Cir.1983); *Dodd v. Fawcett Publications,* 329 F.2d 82 (10th Cir.1964); *Tedder v. FMC Corp.,* 590 F.2d 115, 117 (5th Cir.1979). If there is a reasonable basis for asserting that state law might impose liability on the resident defendant under the facts alleged, then the joinder is not fraudulent and will prevent removal. *Anderson,* 724 F.2d at 84; *Tedder,* 590 F.2d at 117; *Roe,* 712 F.2d at 452.

Plaintiff asserts that Count I (sex discrimination in violation of the Elliott–Larsen Act) and Count VI (interference with plaintiff's employment/business advantage), state valid claims against defendant McLeod, under Michigan law.

In *Tash v. Houston,* 74 Mich.App. 566, 254 N.W.2d 579, *lv. denied,* 401 Mich. 822 (1977), the Michigan Court of Appeals held that an employee had stated a valid claim for tortious interference with an employment contract by alleging that the defendant, plaintiff's supervisor, had discharged plaintiff for rejecting defendant's sexual advances.

> Both [corporate and union officials] have a duty to advance the interests of the organizations they represent, but the need for vigorous representation should not excuse acts done for a strictly personal motive.

\* \* \* \* \* \*

The sexual desires of an official simply cannot be equated with the legitimate interests of the organization he represents. Plaintiff's complaint sets forth an unprivileged interference by defendant with plaintiff's employment relationship with the union.
Tash v. Houston, 74 Mich.App. 566, 574 [254 N.W.2d 579] lv. denied 401 Mich. 822 (1977).

Subsequently, in Stark v. Marcum, 147 Mich.App. 756, 382 N.W.2d 743 (1985), the Michigan Court of Appeals again recognized that a viable claim existed for tortious interference with an employment contract, against the plaintiff's supervisor. The Stark court, quoting Seven D Enterprises, Ltd. v. Fonzi, 438 F.Supp. 161, 163–64 (E.D.Mich.1977), stated:

The trier of fact must decide whether the defendant acted on his employer's behalf or for his own benefit when he terminated the contract and lease agreements the plaintiffs had with Interstate. The fact that Fonzi was employed by Interstate to exercise the authority he used to terminate these contracts does not immunize his conduct if he used his authority to further his own ends at the plaintiffs' expense.
Stark at 760 [382 N.W.2d 743].

■ The plaintiff's complaint in this case asserts that defendant McLeod's actions, in interfering with plaintiff's employment relationship, were taken for his own benefit, and not for the benefit of his employer. (Complaint, Para. 61). Accordingly, there is a reasonable basis for asserting that Michigan law might impose liability on defendant McLeod under Tash and Stark. Although other panels of the Michigan Court of Appeals have rejected claims for tortious interference with an employment relationship See, e.g., Dzierwa v. Mich. Oil Co., 152 Mich.App. 281, 393 N.W.2d 610 (1986); Trepel v. Pontiac Osteopathic Hospital, 135 Mich.App. 361, 354 N.W.2d 341 (1984), such claims have been recognized by the Michigan Court of Appeals, and have not been rejected by the Michigan Supreme Court. Therefore, a legitimate state law basis exists for imposing liability on McLeod, which precludes a finding that he was fraudulently joined.

■ In addition, Michigan courts have held that a supervisor may be liable for unlawful discrimination, under the Elliott–Larsen Act. See Jenkins v. American Red Cross, 141 Mich.App. 785, 799, 369 N.W.2d 223 (1985) (holding that an agent of an employer is an "employer" within the meaning of the Elliott–Larsen Act); cf. Munford v. James J. Barnes & Co., 441 F.Supp. 459, 466 (E.D.Mich.1977) (holding that agents of an employer may be "employers" within the meaning of Title VII). Thus, another legitimate state law ground exists for imposing liability on McLeod.

In sum, the Court finds that a reasonable basis exists for concluding that state law might impose liability on the nondiverse defendant in the instant case. Consequently, McLeod's joinder is not fraudulent. Because the required diversity of citizenship does not exist, removal was improper.

II. Non–Service

DBM also argues that, because defendant McLeod was not served at the time of removal, his citizenship is irrelevant to the Court's determination whether diversity of citizenship exists, and whether the case was properly removed.

Defendant relies on 28 U.S.C. § 1441(b), which states:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Defendant interprets the second sentence of § 1441(b) to mean that, in diversity actions, only the citizenship of defendants "properly joined and served" should be considered. Defendant has misinterpreted this section. 28 U.S.C. § 1441(b) must be

read in conjunction with § 1441(a), which provides that:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

 28 U.S.C. § 1441(b) limits the removal of suits where jurisdiction is based on diversity of citizenship, by providing that such actions are removable only if none of the "properly joined and served" defendants is a citizen of the state in which the suit is brought. 28 U.S.C. § 1441(b) does not change the general rule of § 1441(a), that a civil action is not removable unless the district court would have original jurisdiction over the suit. Under 28 U.S.C. § 1332, district courts have original jurisdiction over actions based on diversity of citizenship only when *each* plaintiff is a citizen of a different state than *each* defendant. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). The fact that a defendant has not been served is irrelevant to the Court's determination whether it has jurisdiction over the action based on complete diversity of citizenship.[1]

 Accordingly, the Court finds that the citizenship of McLeod cannot be disregarded in determining whether this case was properly removed. Plaintiff and defendant McLeod are citizens of the same state. Therefore, complete diversity of citizenship does not exist, and the Court does not have original jurisdiction over this action under 28 U.S.C. § 1332. The Court further finds that there is no question arising under the laws, the Constitution, or the treaties of the United States, and holds that the instant case was improperly removed under 28 U.S.C. § 1441(a), and must be remanded to Oakland County Circuit Court.[2]

An Order reflecting the above will be issued.

---

1. The cases cited by defendant in support of its argument that only served defendants are considered in determining whether diversity of citizenship exists are inapposite. Those cases provide that only those defendants properly joined and served need join in a petition for removal. *See, Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429–30 (9th Cir.1984), *S.E. Overton Co. v. Internat'l Brotherhood of Teamsters,* 115 F.Supp. 764, 772–73 (W.D.Mich.1953). Plaintiff in this case does not seek a remand because of the failure of McLeod to join in the Petition for Removal.

2. Plaintiff does not argue that the case was improvidently removed under 28 U.S.C. § 1441(b), because defendant McLeod is a citizen of Michigan, the state where the action was brought. Consequently, the Court does not reach that issue.