RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0078P (6th Cir.)
File Name: 03a0078p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

KAREN P. STANEK,
     *Plaintiff-Appellant,*

     *v.*

JOHN A. GRECO, JR.,
     *Defendant-Appellee.*

No. 02-1170

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 01-72467—Lawrence P. Zatkoff, Chief District Judge.

Argued: November 14, 2002

Decided and Filed: March 14, 2003

Before: MOORE and COLE, Circuit Judges; SARGUS,[*]
District Judge.

───────────────

**COUNSEL**

**ARGUED:** Patrick J. Burkett, SOMMERS, SCHWARTZ,
SILVER & SCHWARTZ, Southfield, Michigan, for
Appellant. Charles M. Stern, KATTEN, MUCHIN &

───────────────

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

ZAVIS, Los Angeles, California, for Appellee. **ON BRIEF:** Patrick J. Burkett, SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, Southfield, Michigan, for Appellant. Charles M. Stern, Bryan G. Castro, KATTEN, MUCHIN & ZAVIS, Los Angeles, California, Irwin Alterman, Ronald S. Nixon, KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, Troy, Michigan, for Appellee.

———————

**OPINION**

———————

SARGUS, District Judge.   Karen P. Stanek ("Stanek"), Plaintiff-Appellant, appeals the decision of the district court dismissing her complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).   Stanek contends that Defendant-Appellee John A. Greco ("Greco") intentionally interfered with her at-will employment relationship.   Stanek raises a single assignment of error in which she contends the district court erred in refusing to recognize under Michigan law a claim for tortious interference with an at-will employment relationship.   For the reasons that follow, the judgment of the district court is **REVERSED**.

**I.**

Because the district court dismissed this case under Rule 12(b)(6), the allegations set forth in the complaint are accepted as true for purpose of this analysis. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).   In her Amended Complaint, Stanek alleges that she was hired by Yellow Pages Publishers Association under an at-will employment agreement.   Ten years after her initial hire, Greco became president of the company.   Stanek asserts that in the second quarter of 2000, she complained to the corporation's counsel concerning various irregularities such as personal purchases made by Greco in violation of the company's written policies and procedures.   She further asserts that once Greco discovered her actions, he began retaliatory conduct which ultimately resulted in the Plaintiff's dismissal.   She alleges

Although the actions taken by defendants did amount to interference with his expectations under the at-will employment contract, their actions did not fit into the category of the wrongful interference that is required to maintain a tortious interference cause of action.

175 Mich. Ct. App. at 305, 306-07, 437 N.W.2d at 364-65 (citations and footnote omitted).

Finally, the more recent cases, albeit unreported, of the Michigan Court of Appeals have imposed a higher burden on a plaintiff who brings such action against a supervisor.   In *Diebolt v. Michigan State University,* the court held that the plaintiff was required to prove that supervisors who are accused of tortious interference with the employment contract must be shown to have acted solely for their own benefit with no benefit to the corporations. 2002 WL 1275502, at *3.   In *Langrill v. Diversified Fabricators, Inc.,* the court has described the plaintiff's burden as "very difficult" in demonstrating that the supervisor acted solely for his or her own benefit without regard to the corporation's interest. 2002 WL 1375902, at *3.

The district court, in finding no cause of action existed for the tort, did not address the matter.   The matter should, in the first instance, be resolved by the district court.   Consequently, this Court declines to resolve this issue.

**IV.**

Based upon the foregoing, the judgment of the district court is **REVERSED** and the case **REMANDED** for further proceedings in accordance with this decision.

### III.

The Appellee, who did not cross appeal, raises an alternative argument in support of the decision rendered by the district court. The Appellee, president of Appellant's former employer, claims he is not a third party who can be sued for tortious interference because he was at all times the president of the company.

The cases decided by the Michigan Court of Appeals, which permit such actions to be brought, have not developed a unified approach to suits brought against supervisors sued by former at-will employees for tortious interference with the employment contract. For example, in *Tash v. Houston,* 74 Mich. Ct. App. 566, 254 N.W.2d 579 (1977)*,* the court held that the local union president who discharged the plaintiff could be sued for his conduct, if he did not act in good faith for the benefit of the labor organization. A similar conclusion was reached in *Stack v. Marcum,* 147 Mich. Ct. App. 756, 382 N.W.2d 743 (1985). In *Feahney v. Caldwell,* however, the court held:

> Further, since all five defendants were corporate officers, plaintiff faced the very difficult obstacle of showing that each defendant stood as a third party to the employment contract at the time he allegedly performed the acts. This is so, because, as corporate officers, the defendants served as agents whose acts were privileged when acting for and on behalf of the corporation, rather than acting to further strictly personal motives. . . .

> It is one thing for a person outside the corporation to come in and poison the minds of the board of directors with negative opinions about one of its top executives. It is another thing for plaintiff's superiors to execute their independent judgment to give negative appraisals to the board of directors, to decide that plaintiffs should not be recommended for merit increases or other benefits, and to work towards a reorganization of the company that may adversely effect plaintiff's job responsibilities and opportunities. . . .

that his conduct lacked any relationship to the interests of the business and was based upon his animus towards her because she complained about his personal use of company funds.

### II.

This Court reviews *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

This case involves a determination of whether Michigan law permits an action based upon the tort of intentional interference with an employment at-will contract. As this Court described in *Ziegler v. IBP Hog Market*:

> If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue. . . . "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

249 F.3d 509, 517 (6th Cir. 2001) (citations omitted). The Michigan Supreme Court has not addressed the issue presented in this appeal.

The Michigan Court of Appeals has issued a number of decisions on the issue presented in this case. There are at least two lines of cases which are essentially irreconcilable. The district court relied upon the case of *Dzierwa v. Michigan Oil Co.*, 152 Mich. Ct. App. 281, 393 N.W.2d 610 (1986), which held that an employee could not bring a claim against the company president for tortious interference with an at-will employment contract. The district court also relied upon its own previous decision in *Carlson v. Westbrooke Servs. Corp.*, 815 F. Supp. 1019 (E.D. Mich. 1992). Further, in *Felton v. Saylor-Beall Mfg. Co.*, No. 210442, 1999 WL 33435365 (Mich. Ct. App. Oct. 5, 1999) (unreported), the Michigan

Court of Appeals adopted the holding in *Dzierwa* and found that an action for tortious inference with an at-will employment contract would not lie under Michigan law.

A second line of cases from the same Michigan Court of Appeals contrasts sharply with the *Dzierwa* case. Beginning with the case of *Tash v. Houston,* 74 Mich. Ct. App. 566, 254 N.W.2d 579 (1977), the court held that an at-will employee of a labor union could bring an action against the president of the local for tortious interference with her employment contract. A similar result was reached in *Stack v. Marcum*, 147 Mich. Ct. App. 756, 382 N.W. 2d 743 (1985); *accord Feaheny v. Caldwell*, 175 Mich. Ct. App. 291, 437 N.W.2d 358 (1989); *Patillo v. Equitable Life Assurance Soc'y*, 199 Mich. Ct. App. 450, 502 N.W.2d 696 (1993); *Briethaupt v. N. Mich. Hosp. Inc.,* No. 182041, 1996 WL 33359766 (Mich. Ct. App. Sept. 3, 1996) (unreported); *Diebolt v. Mich. State Univ.,* No. 227903, 2002 WL 1275502 (Mich. Ct. App. June 4, 2002) (unreported); *Langrill v. Diversified Fabricators, Inc.,* No. 225001, 225002, 2002 WL 1375902 (Mich. Ct. App. June 25, 2002) (unreported).

The arguments raised in the conflicting line of cases are relatively straight forward. In *Tash v. Houston*, 74 Mich. Ct. App. at 570, 254 N.W.2d at 581, which recognized such a cause of action, the Michigan Court of Appeals noted "the proposition that an at-will employee has a significant interest in his continued employment that will be protected against illegal interference by third persons." Further, the court cited *Truax v. Raich*, 239 U.S. 33, 38 (1915) in which Justice Hughes wrote:

> The fact that the employment is at the will of the parties, respectively, does not make it one at the will of others. The employee has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion and, by the weight of authority, the unjustified interference of third parties is actionable although the employment is at will.

Finally, the court cited W. Prosser, *Law of Torts*, § 129, p. 932-33 (4th ed. 1971), which provides, "the overwhelming majority of cases have held that interference with employments or other contracts terminable at will is actionable, since until it is terminated the contract is a subsisting relationship, of value to the plaintiff, and presumably to continue in effect."

In contrast, in *Dzierwa v. Michigan Oil Co.,* 152 Mich. App. at 287, 393 N.W.2d at 613, the court noted, "since plaintiff's employment contract was terminable at will, there could be no breach arising from its termination." In summary fashion, the district court here relied upon this single explanation to find that no cause of action existed for tortious interference with an employment at-will contract.

Because the issue before this Court is one of Michigan law, it would be preferable that the Michigan Supreme Court resolve the longstanding split in the state's jurisprudence. Until that time, this Court finds the weight of Michigan cases in favor of the Plaintiff-Appellant to be persuasive. As noted in a recent law review article:

> Virtually all states, even those states that do not recognize certain exceptions to employment at-will, have permitted tort lawsuits in the employment termination context, particularly the torts of fraud, defamation, intentional infliction of emotional distress, invasion of privacy, and, of course, intentional interference with contract. Unlike the employment at-will exceptions, these cases merely represent an application of existing, and long-standing, tort law to the employment setting, rather than the creation or further development of newer, and unevenly accepted, at-will exceptions.

Frank J. Cavico, *Tortious Interference with Contract in the At-Will Employment Context,* 79 U. Det. Mercy L. Rev. 503, 503 (2002).