**Man LEWIS, Jr., Plaintiff–Appellant,**

v.

**Arus T. PENDELL; et al.,**
**Defendants–Appellees.**

No. 02–2298.

United States Court of Appeals,
Sixth Circuit.

Feb. 4, 2004.

Man Lewis, Jr., Kincheloe, MI, pro se.

Kevin R. Himebaugh, Asst. Atty. General, Office of the Attorney General, Lansing, MI, for Defendant–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

## ORDER

Man Lewis, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Lewis sued a multitude of prison officials and a prisoner named Scribner. The complaint concerned punishment Lewis received following a fight he had with Scribner. Lewis also complained about his housing assignment and that he was required to report for a prison job. Lewis stated that he was given misconduct reports for his failure to report for work. Lewis claimed that the actions of the defendants were in retaliation for his grievances and his race. Upon de novo review of a magistrate judge's report, the district court dismissed the case for failure to state a claim.

On appeal, Lewis continues to argue the merits of his underlying complaint.

The district court's judgment is reviewed de novo. *Stanek v. Greco,* 323 F.3d 476, 478 (6th Cir.2003).

Upon review, we conclude that the district court properly dismissed Lewis's complaint. Lewis was housed at the Parr Highway Correctional Facility in Jackson, Michigan. On January 10, 2001, Lewis had a fight with Scribner. Scribner is white and Lewis is black. Defendant Resident Unit Officer Rogers wrote a major misconduct charge on both inmates after another defendant, Sergeant Siegel, investigated the incident. Defendant Hearing Investigator Scott conducted a further investigation for the administrative hearing on the misconduct charge. Lewis was convicted of the charge and received fifteen days of detention.

Lewis then sent a "criminal complaint" to the Michigan State Police seeking to have Scribner charged with various criminal offenses. Defendant Hall informed Lewis by letter that the prison grievance process was the appropriate procedure to use for his concerns against Scribner.

Lewis alleged that the misconduct charge was issued in retaliation for his use of the prison grievance system, that the fight never happened, and that the defendants conspired to discriminate against him because he is black and uses the prison grievance system. Lewis alleged claims against defendant Troy Pendell, the Assistant Resident Unit Supervisor, and others. These claims concern Lewis's housing assignment in June 2000, following Lewis's difficulties with other prisoners.

Lewis also stated that he was unconstitutionally required to report for his prison job assignment. Lewis alleged that he refused to be a slave as his forefathers were, that he had several college degrees, and that he had a medical disability. Defendant Siegell refused to cancel the work

detail and told Lewis that he would not be required to perform labor related duties, but would be required to report for work at the assigned times. Lewis received misconduct reports for failure to report for work. Lewis claimed that the actions of the defendants were in retaliation for his grievances and because he is black.

■ As for Lewis's allegations concerning his altercation with Scribner, Lewis's complaint does not state a cognizable claim. Although the record states that Lewis sought criminal charges against Scribner as a result of the altercation, Lewis subsequently claimed that the fight never happened. Lewis asserted that the misconduct charge was because he is black and because he uses the prison grievance system. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing or the conduct underlying the disciplinary conviction. *See Huey v. Stine,* 230 F.3d 226, 230–31 (6th Cir.2000). Because a favorable ruling on Lewis's claim of retaliation would imply the invalidity of his disciplinary conviction, this claim is not cognizable. *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey,* 230 F.3d at 230.

■ Regarding Lewis's claims concerning his housing assignment and work assignment, Lewis has failed to state a claim of retaliation. To prove a claim of retaliation, a plaintiff must state that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct' and cannot proceed beyond step one." *Id.* at 395.

The exhibits attached to Plaintiff's complaint show that Lewis received a housing reassignment because he had difficulty with other prisoners. Further, Lewis received his misconduct charges regarding his work assignments because he failed to follow prison rules by not reporting for work. As Lewis's housing assignment was caused by his conflicts with other prisoners, no retaliation existed because Lewis's conduct was not protected. In addition, the misconduct reports regarding Lewis's failure to appear for work are a result of his failure to follow prison rules. Again, Lewis's conduct is not protected. *Id.* Therefore, Lewis has failed to allege a claim of retaliation. *Id.*

Lewis also made a broad allegation that the defendants engaged in conspiracies against him. Because Lewis's complaint contains broad and conclusory language, void of the factual allegations necessary to support a conspiracy theory, Lewis failed to state a conspiracy claim against the defendants. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987). Further, because Lewis does not present a claim for relief under § 1985, the complaint also fails to state a claim under § 1986. *See Hahn v. Sargent,* 523 F.2d 461, 469–70 (1st Cir.1975).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.