Lesley MILLER, Plaintiff-Appellant,

v.

JEEP CORPORATION; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW and Local 12, Defendants-Appellees.

No. 83–3830.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 23, 1985.

Decided Sept. 27, 1985.

C. Thomas McCarter argued, Newcomer & McCarter, Toledo, Ohio, for plaintiff-appellant.

Thomas Dixon (LC) Jeep Corp., Patrick J. Johnson argued, John T. Landwehr, Joan Torzewski argued, Gerald B. Lackey, Lackey, Nusbaum, Phillips & Harris, Toledo, Ohio, M. Jay Whitman, Detroit, Mich., for defendants-appellees.

Before MARTIN and CONTIE, Circuit Judges; and HOGAN, Senior District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

Lesley Miller appeals the summary judgment entered against him in his action for breach of contract and breach of duty of fair representation under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and for violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411. The district court dismissed the section 301 claim on statute of limitations grounds. The court dismissed the claim under 29 U.S.C. § 411 for failure to state a claim. We reverse and remand.

Miller was hired by appellee Jeep Corporation in 1948 and continued in its employ until his retirement in 1980. While employed with Jeep, he held numerous jobs, including a job as a factory mechanic. While working as a factory mechanic, Miller submitted several prebids under what he thought was the applicable provisions of the collective bargaining agreement for any openings that became available in the engineering department. The prebid system allows an employee to bid for any jobs that might come open in the plant and guarantees the opening to the most senior employee who has prebid for the job. Miller wanted to transfer to the engineering department because of the nature of the work and the expectation of higher salary.

In late 1977, Jeep determined that there was a need for additional help in the engineering department. At that time, there were two skill level positions in the engineering department, Auto Product Engineer A and Auto Product Engineer B. In filling these positions, the company did not use the standard procedures outlined in the collective bargaining agreement, but instead referred to the hiring procedures that were included in the Engineering Supplement to the collective bargaining agreement. The Engineering Supplement, where it differed with the collective bargaining agreement, governed the rights of the employees in the engineering department.

Pursuant to the Engineering Supplement, Jeep posted notice of the openings for five working days in the engineering department only. When the company got no response, the company sought new hires. Jeep eventually hired two new employees, Robert Frobase and Raymond Cline, to be Auto Product Engineers B. To work as an Auto Product Engineer B, however, both men had to procure a journeyman's card as auto product engineers which had to be approved by the international union's Skilled Trades Card Commit-

* Honorable Timothy S. Hogan, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

tee. The international union and Jeep agreed to let the two new employees work without cards until the Skilled Trades Card Committee could determine whether they were eligible for such cards. Eventually, the committee determined that Frobase was eligible for a card but Cline was not.

During this same period, Jeep and the local union were negotiating a letter agreement to create a new job classification of Auto Product Engineer C. Under this classification, no journeyman's card was required. In April 1978, the union and the company reached an agreement on this new classification.

Cline, whose application for a journeyman's card had been denied, was reclassified as an Auto Product Engineer C as of April 10, 1978. On May 23, 1978, the appellant Miller and Anthony Anello were hired as Auto Products Engineers C. A short time thereafter, Miller learned that Cline was making a dollar more per hour than he made, and he filed a grievance complaining about the disparity. The union pursued the grievance through the third step of the grievance process but withdrew the grievance before arbitration on March 23, 1979. The union claims that the grievance was withdrawn because both Cline and Miller were paid between the minimum and maximum amounts set by the collective bargaining agreement. The company therefore could properly pay Miller less than Cline under the collective bargaining agreement.

Miller then filed a timely internal union appeal and pursued that appeal until July 24, 1980, when he determined the appeal was futile. On January 21, 1981, he filed suit alleging that Jeep had breached the collective bargaining agreement and that the local and international unions had violated their duties of fair representation. He also claimed that Jeep and the union had conspired to deprive him of rights secured under the Labor-Management Reporting and Disclosure Act of 1959, U.S.C. § 411.

On September 26, 1983, the district court granted summary judgment to the defendants on the section 301 claim on the ground that the claim was barred by Ohio's ninety-day statute of limitations. The district court refused to apply retroactively the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which held that the appropriate statute of limitations in section 301 cases is the six-month period established for filing charges of unfair labor practices under section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). Because Miller's claim accrued at the latest on July 24, 1980, when he abandoned his intraunion remedies, and he did not file his claim until January 21, 1981, the district court found that his section 301 claim was time barred.

With respect to Miller's claim under 29 U.S.C. § 411, the district court found that Miller was arguing that the union had violated that section because the local union's chairman had allegedly withdrawn plaintiff's grievance because Miller had confronted him at a union meeting and because the union had allegedly deprived Miller of his seniority rights by allowing Jeep to hire Cline before him and by entering into an agreement creating Auto Product Engineer C classification. The district court easily rejected the section 411 claim based upon the alleged confrontation after the union meeting because Miller's grievance had been withdrawn before the meeting. As to his claim based on alleged loss of seniority, the district court found that Miller failed to present a material issue of fact as to whether his seniority had been affected.

Here, Miller challenges the dismissal of both of his claims. With respect to his section 301 claim, it is now clear that *DelCostello* is to be applied retroactively. *Smith v. General Motors Corp.*, 747 F.2d 372 (6th Cir.1984) (en banc). The district court therefore erred in applying Ohio's ninety-day statute of limitations. The district court, however, did not make a finding as to when Miller's claim actually accrued. If Miller was required to exhaust intraunion remedies under *Clayton v. United Automobile Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), his action

certainly would not have accrued until he attempted to exhaust those remedies. If Miller was not required to exhaust his intraunion remedies under *Clayton* because they were futile, his claim would have accrued when it was apparent or should have been apparent that such remedies were futile. *Scott v. Local 863, International Brotherhood of Teamsters*, 725 F.2d 226, 229 (3d Cir.1984); *see also Adkins v. International Union of Electrical Workers*, 769 F.2d 330, 336 (6th Cir.1985). Because the district court made no findings on these issues, we remand the section 301 claim to that court to make such findings and to reapply the applicable six-month statute of limitations.[1]

■ We do believe, however, that the district court properly dismissed Miller's claim under 29 U.S.C. § 411.[2] Miller's contention that the local union's chairman withdrew his grievance because he confronted the chairman at a union meeting is ridiculous. The grievance was withdrawn before the alleged confrontation. Miller's allegations that the union deprived him of his seniority rights also do not state a claim. Even assuming that such an allegation is actionable under section 411, there is no evidence in the record to support Miller's view that he was deprived of seniority by the union's actions.

1. Although the union asks us to affirm the district court's decision on the section 301 claim on the ground that Miller has failed to show any breach of the union's duty of fair representation, we believe that determination, if it needs to be made, is best left to the district court given the inherently factual nature of the issue.

2. 29 U.S.C. § 411 states in pertinent part:
    (a)(1) Equal rights.—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.
    (2) Freedom of speech and assembly.—Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the

The decision of the district court as to Miller's section 401 claim is therefore affirmed, but the decision of the district court as to Miller's section 301 claim is reversed and remanded for further proceedings.

labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.
In the recent case of *Adkins v. International Union of Electrical Workers*, 769 F.2d 330, 336 (6th Cir.1985), we held that the same six-month statute of limitations that applies to section 301 claims is applicable to claims under 29 U.S.C. § 411. Thus, if Miller's section 301 claim is barred by the six-month statute of limitations, it seems extremely likely that his claim under 29 U.S.C. § 411 is also barred. The union, however, has not raised the statute of limitations as a defense to the section 411 claim on appeal.