## REED v. PONTON
### OPINION OF THE COURT

1. PRIVACY, RIGHT OF—INVASION OF PRIVACY—OFFENSIVENESS—REASONABLE MAN STANDARD.

  Trial court's holding that the opening statement set forth a cause of action for slander but not for invasion of privacy is proper where there was no misappropriated use of, or physical intrusion into, plaintiff's private life which a reasonable man of ordinary sensibilities would find offensive and objectionable, nor a disclosure of a confidential matter or putting of plaintiff in a false light before a large number of people or the public in general.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur, Privacy § 2 et seq.
Right of privacy. 14 ALR2d 750.

2. PRIVACY, RIGHT OF—INVASION OF PRIVACY—JURY QUESTION.

Plaintiff's assertion that the manager of a department store invaded her privacy by charging plaintiff with failing to pay for her layaway purchase in a loud and abusive manner in the store before others should be submitted to the jury to determine if there was an actionable invasion of privacy because all reasonable men would not agree that the details of such a relationship are not private matters, that announcement in a loud voice in a store was not publication and that this was not an unreasonable and serious interference with plaintiff's privacy.

Appeal from Houghton, Condon (Stephen D.), J. Submitted Division 3 October 2, 1968, at Marquette. (Docket No. 4,889.)    Decided December 31, 1968.

Complaint by Elaine Reed against Elmer Ponton and J. C. Penney Co., a foreign corporation, for assault, invasion of right of privacy, and slander. Counts as to invasion of privacy and assault dismissed for failure to state a cause of action; verdict and judgment of no cause of action on the slander count. Plaintiff appeals. Affirmed.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Humphrey & Weis,* for defendants.

PHILIP C. ELLIOTT, J.    After the opening statement of plaintiff's attorney, the trial court dismissed counts entitled "Assault" and "Invasion of the Right of Privacy". The first count, "Slander", was tried by jury and a verdict of no cause of action was returned. No error is urged concerning dismissal of the assault count, so the only question is whether the complaint and opening statement set forth all

of the factual elements essential to an action for invasion of privacy; *Ambrose* v. *Detroit Edison Company* (1968), 380 Mich 445. No facts were alleged in the pleadings that were not included in plaintiff's opening statement, which is set out in full, to the extent pertinent to our inquiry, in the footnote.*

The opening statement set forth a cause of action for slander, but the alleged conduct does not amount to an invasion of the right of privacy as presently protected beyond the law of defamation; *Hawley* v. *Professional Credit Bureau, Inc.* (1956), 345 Mich

---

* "One of the first things that happened with regard to Mary Risanen is that she needed a coat, and long before she had gone to live with Mr. and Mrs. Reed she had gone into the Penney Store and made a down payment on a coat which was put on layaway. All of this was unknown to Mrs. Reed. They were going in to get a coat for Mary Risanen. They went into the Penney store and up to the third floor of the Calumet store. When they got up to the third floor, the defendant Elmer Ponton charged out of his office and carried on an abusive tirade which was unheard of before. He accused Elaine Reed of being like a thief. * * * Mr. Ponton did not ask Elaine Reed if she had anything to do with Mary Risanen's layaway. He just started on this abusive tirade and said to her, 'I will tell you how we run this store.' She tried to protest and said, 'Now, look, I didn't have anything to do with this.' And he said, 'You keep your mouth shut. I am going to tell you how we run this store and you are not doing the right thing. You are not paying for your layaway.' The two girls whom I see in this court I imagine will testify in behalf of the defendants. They were present and heard this. They tried to tell him, 'Elaine Reed had nothing to do with this. She is an innocent person. She came into the store'. * * * This abusive tirade took place. The two clerks heard it and Mary Risanen heard it. Other customers in the store heard it. Elaine Reed became so upset over this incident that she became practically hysterical. She started to cry. She left the store and went home. It is the contention of the plaintiff in this case that this type * * * of abuse by him toward her amounts to invasion of her privacy. * * * That it amounts to libel, slander and defamation of character. * * * (The court sustained objection to the word 'libel') * * * And that his manner, the manner of Mr. Ponton toward Mrs. Reed, amounts to a combination of three separate legal theories we are proceeding on against the J. C. Penney Company and Mr. Ponton. It is perhaps better for you to hear the entire story of what happened to Elaine Reed since this incident occurred, from her own lips, and you shall. However, it is my duty to tell you some of the things. Mrs. Reed is not as strong as some people are. She is not able to withstand what most people are able to understand. She became very nervous and upset to such an extent that she sought psychiatric care. * * *"

500; *Grimes* v. *Carter* (1966), 241 Cal App 2d 694 (50 Cal Rptr 808, 19 ALR3d 1310); *Manie* v. *Matson Oldsmobile-Cadillac Company* (1967), 378 Mich 650.

When there has been no misappropriated use of, or physical intrusion into, the private life, employment, property, name, likeness, or other personal place or interest, so that the privacy action is premised solely upon a disclosure of secret or confidential matter or upon being put *publicly* in a "false light", then if (without deciding) mere words of mouth can ever be actionable (except by a slander action) the oral communication must be broadcast to the public in general or publicized to a large number of people. Moreover, such publicity must lift the curtain of privacy on a subject matter that a reasonable man of ordinary sensibilities would find offensive and objectionable: supersensitiveness is not protected; Prosser, Torts (3d ed), § 112; 77 CJS 396 *et seq.*, 19 ALR3d 1318 *et seq.*

We find no error and affirm, with costs.

McGREGOR, J., concurred with PHILIP C. ELLIOTT, J.

T. G. KAVANAGH, P. J. (*dissenting*). The plaintiff asserted that when she was in defendant's store on business, defendant's manager charged from his office and in a loud and abusive manner charged her with failing to pay for her layaway purchase.

This, claims plaintiff, was an actionable invasion of her privacy, on the theory that true or false, it was a private matter that defendant could not publicize with impunity.

The trial judge granted defendant's motion to strike this count for failure to state a cause of action and this appeal tests the propriety of his ruling.

I think the court erred.

I do not think it can be said that all reasonable men would agree that the details of such relationship are not private matters, or that the announcement of them in a loud voice in the store was not a publication of them or that this was not an unreasonable and serious interference with plaintiff's privacy. For this reason we cannot say as a matter of law that no cause of action was pleaded.

I would hold that the jury should have been permitted to determine whether the asserted invasion of plaintiff's privacy was an unreasonable and serious interference with her right to have her private affairs kept from the public.

I would reverse with costs to appellant.