WILSON v SPARROW HEALTH SYSTEM

Docket No. 290895. Submitted June 16, 2010, at Lansing. Decided September 21, 2010, at 9:00 a.m.

David L. and Sheryl J. Wilson brought an action in the Ingham Circuit Court against Sparrow Health System, Sparrow Development Corporation, and East Lansing Athletic Club, Inc., doing business as Michigan Athletic Club, Inc., alleging, in part, negligence and defamation. The action arose from an incident that occurred at defendants' athletic club when a man exposed himself to two female lifeguards. The executive director of the athletic club conducted an internal investigation of the incident and, during the investigation, showed the lifeguards photographs of 16 male members of the athletic club who had used the facility on the evening that the incident occurred. The lifeguards identified David Wilson as the man who had exposed himself. The executive director reported the offense and the results of his investigation to the police, who conducted their own investigation. David Wilson was subsequently arrested and charged with indecent exposure, but the charge was dropped after another indecent-exposure incident occurred at the athletic club, the perpetrator was caught, and he confessed that he was the man who had exposed himself in the prior incident. Defendants moved for summary disposition, and the court, William E. Collette, J., granted summary disposition in their favor. Plaintiffs appealed.

The Court of Appeals *held*:

1. The conduct complained of by plaintiffs did not cause their injuries. It was the police and the prosecuting attorney, not defendants, who concluded that there was probable cause to pursue the matter against David Wilson. Any causal contribution of defendants' investigation to plaintiffs' alleged injuries was cut off by the actions of the police and the prosecuting attorney. It was not reasonably foreseeable when defendants conducted their own investigation that law enforcement officials would do anything other than conduct an independent investigation and then arrive at their own independent judgment regarding whether to bring the charge against David Wilson. The conduct of the police and the prosecuting attorney constituted a superseding cause of plaintiffs'

alleged injuries, and defendants cannot be held liable for those injuries as a matter of law. Holding otherwise would have a chilling effect on citizens who discharge their civic duty to both inquire into and report information about possible criminal conduct to law enforcement officials. The trial court correctly granted summary disposition in favor of defendants on the negligence claim.

2. Because the police had told defendants that David Wilson was their prime suspect in the indecent-exposure incidents when defendants created and distributed to their managers and lifeguards a memorandum that referred to David Wilson as a previously identified suspect and because the memorandum specifically stated that David Wilson was a suspect, not the person who had committed the acts, the statement in the memorandum was not false and was not defamatory. The trial court correctly granted summary disposition in favor of defendants on the defamation claim.

Affirmed.

LIBEL AND SLANDER — DEFAMATION — DEFENSES — TRUTH.

To establish a claim for defamation, a plaintiff must show (1) that a false and defamatory statement concerning the plaintiff was made, (2) that the defendant made an unprivileged publication to a third party, (3) fault that amounted to at least negligence on the part of the publisher, and (4) either actionability of the statements irrespective of special harm or the existence of special harm that the publication caused; truth is an absolute defense to a defamation claim.

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *James F. Graves* and *Steven A. Hicks*), for plaintiffs.

*Johnson & Wyngaarden, P.C.* (by *Robert M. Wyngaarden* and *Michael L. Van Erp*), for defendants.

Before: MURRAY, P.J., and SAAD and M. J. KELLY, JJ.

SAAD, J. Plaintiffs appeal the trial court's order that granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). Because plaintiffs failed to make out prima facie cases of negligence and defamation, we affirm.

I. FACTS

This action arises from an incident that occurred at the Michigan Athletic Club (MAC) in East Lansing at approximately 10:00 p.m. on August 25, 2006. That evening, a man exposed himself to two female lifeguards as they were closing the pool. The lifeguards reported the incident to the manager, who in turn reported it to the MAC's executive director. Before he reported the incident to the police, the executive director conducted an investigation to determine if the police should be contacted. The executive director compiled 16 photographs of male MAC members who had used their membership cards to check in on the evening of August 25. Plaintiff David Wilson[1] was one of those men. The executive director showed the photographs to the lifeguards and they identified Wilson as the man who exposed himself. After their identification, the executive director reported the offense to the police and relayed the results of his internal investigation. The police conducted their own investigation, interviewed all relevant witnesses, and ultimately arrested Wilson and charged him with indecent exposure. After another indecent-exposure incident occurred at the MAC, the perpetrator was caught, and he confessed that he was the man who had exposed himself in the August 25, 2006, incident as well. Later, the police dropped the charge against Wilson.

Plaintiffs filed a complaint against defendants alleging multiple theories of liability, including common-law negligence and defamation. Following some discovery, defendants moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court ruled that defen-

---

[1] We will refer to David Wilson as "Wilson" and to David and Sheryl Wilson as "plaintiffs."

dants did not owe plaintiffs a legal duty and granted defendants' motion for summary disposition on plaintiffs' negligence claim. The trial court also granted summary disposition to defendants on plaintiffs' defamation claim.

## II. NEGLIGENCE

"This Court reviews de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law." *In re Handelsman*, 266 Mich App 433, 435; 702 NW2d 641 (2005), citing *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The moving party is entitled to judgment as a matter of law when viewing the evidence in the light most favorable to the nonmoving party, *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004), and drawing all reasonable inferences in favor of the nonmovant, *Scalise v Boy Scouts of America*, 265 Mich App 1, 10; 692 NW2d 858 (2005), the court finds that no genuine issue of material fact exists, *Maiden*, 461 Mich at 120.

Though the trial court ruled that defendants did not owe a duty to plaintiffs regarding defendants' investigation, we need not address the question of defendants' legal duty because we hold that the conduct complained of did not cause plaintiffs' injuries. Were we to hold that defendants owed Wilson a duty of care in conducting their investigation, Wilson's claim would nonetheless fail because, as a matter of law, defendants did not proximately cause any of plaintiffs' alleged injuries. The gravamen of plaintiffs' complaint is that the police wrongfully charged Wilson with the crime of indecent exposure. After defendants conducted a modest, preliminary internal investigation following complaints of a crime, they turned the matter over to the police. It

was then in the hands of law enforcement officials to pursue the matter, and it was the prosecutor's decision whether the police had gathered sufficient evidence against Wilson to bring criminal charges. *People v Jackson*, 192 Mich App 10, 15; 480 NW2d 283 (1991).

When a citizen places information or a complaint in the hands of the police, even if the information is flawed, and then the police conduct their own investigation and, with the prosecutor, determine that there is probable cause to pursue the matter, that decision is entirely outside the authority or control of the private citizen. Even if Wilson was incorrectly identified by the female lifeguards who witnessed the crime, the police conducted their own investigation, gathered evidence, and interviewed all relevant witnesses, and it was the police and the prosecutor, not defendants, who concluded that there was sufficient probable cause to pursue the matter. Had plaintiffs produced some evidence showing that defendants' investigation somehow contributed to plaintiffs' injuries, any causal contribution of defendants' investigation to plaintiffs' alleged injuries was nonetheless cut off by the actions of the police and the prosecutor. And it was simply not reasonably foreseeable when defendants conducted their own investigation into the August 25, 2006, incident that law enforcement officials would do anything more or less than conduct an independent investigation and then arrive at their own independent judgment regarding whether to bring charges against Wilson. Thus, the conduct of the police and the prosecutor constituted a superseding cause of plaintiffs' alleged injuries, and defendants cannot be held liable as a matter of law. See *Ridley v Detroit*, 231 Mich App 381, 389-390; 590 NW2d 69 (1998). We further observe that, were we to hold otherwise, it would have a chilling effect on citizens who discharge their civic duty to both inquire into and

report information about possible criminal conduct to law enforcement officials. Indeed, institutions such as businesses, schools, and municipalities and employers are often put in a position where they must investigate alleged criminal activity while accommodating important competing interests and must decide how to pursue complaints and what information, if any, to report to outside authorities. To impose legal responsibility on these citizens for the later, independent decisions of law enforcement officials would unduly restrict the citizens' ability to discharge their legal rights and duties to report criminal wrongdoing. Indeed, it is a fundamental "right and privilege of [a citizen] secured by the constitution and laws of the United States to aid in the execution of the laws of [his or her] country by giving information to the proper authorities." *Hall v Pizza Hut of America, Inc*, 153 Mich App 609, 615; 396 NW2d 809 (1986). Were our courts to impose civil liability on citizens who turn information over to the police and prosecutors, it would, quite simply, undermine this basic constitutional principle and impede criminal investigations. Accordingly, and for the reasons stated, the trial court correctly granted summary disposition to defendants on plaintiffs' negligence claim.

### III. DEFAMATION

Plaintiffs argue that the trial court erred when it dismissed their defamation claim. To establish a claim for defamation, the plaintiff must show (1) that "a false and defamatory statement concerning the plaintiff" was made, (2) that the defendant made "an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statements irrespective of special harm, or the existence of special harm caused by

the publication." *Gonyea v Motor Parts Fed Credit Union*, 192 Mich App 74, 76-77; 480 NW2d 297 (1991). Truth is an absolute defense to a defamation claim. *Porter v Royal Oak*, 214 Mich App 478, 486; 542 NW2d 905 (1995). Plaintiffs' claim centers on a memorandum distributed to all MAC managers and lifeguards that outlined the procedures for handling indecent-exposure incidents. That memorandum referred to a previously identified suspect, i.e., David Wilson.

The trial court ruled that at the time defendants circulated the memorandum containing the alleged defamatory statement, the police had told defendants that Wilson was the "prime suspect" in the indecent-exposure incidents. The court explained that because the memorandum merely relayed information that defendants received from the police, allegations about Wilson contained in the document were neither false nor defamatory. Because Wilson was, in fact, a suspect in the indecent-exposure incidents when the memorandum was created and circulated and the memorandum specifically stated that he was a *suspect*, not the person who had committed the acts, defendants' statement was not defamatory. *Id*. Therefore, the trial court did not err when it held that plaintiffs were not entitled to relief on their defamation claim.

Affirmed.