*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FOUNDATION FOR BEHAVIORAL RESOURCES,

      Plaintiff-Appellant,

v

W. E. UPJOHN UNEMPLOYMENT TRUSTEE CORP., doing business as UPJOHN INSTITUTE and W. E. UPJOHN INSTITUTE FOR EMPLOYMENT RESEARCH, and BEN DAMEROW,

      Defendants-Appellees.

FOR PUBLICATION
May 28, 2020
9:00 a.m.

No. 345415
Kalamazoo Circuit Court
LC No. 2016-000309-CZ

Before: MURRAY, C.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the trial order granting defendants, W. E. Upjohn Unemployment Trustee Corporation and Ben Damerow, summary disposition on plaintiff's false light invasion of privacy claim under MCR 2.116(C)(10). Plaintiff argues that malice is not an element of false light invasion of privacy. This appeal is being decided without oral argument pursuant to MCR 7.214(E)(1). We disagree with plaintiff's position and therefore affirm.

## I. UNDERLYING FACTS

Plaintiff is a nonprofit corporation that was founded in 1972 with a mission of fostering self-reliance. A welfare-to-work program was a major part of plaintiff's business. Plaintiff ran its employment program through Michigan Works; Upjohn operated as the administrative and fiscal agent for Michigan Works, Southwest. In 2015, plaintiff bid on a contract to operate an Application Eligibility Period (AEP) Partnership, Accountability, Training, Hope (PATH)

---

[1] *Foundation for Behavior Resources v W E Upjohn Unemployment Trustee Corp*, unpublished order of the Court of Appeals, issued February 4, 2019 (Docket No. 345415).

program for Michigan Works from 2015 to 2018. Plaintiff was the current provider of PATH at the time it submitted its bid. Plaintiff's 2015 bid was rejected.

There were three proposals submitted for the 2015 to 2018 contract: the one from plaintiff, and two others. According to the minutes of the Michigan Works workforce development board meeting which considered whether to award the 2015 to 2018 contract, none of the three proposals, including plaintiff's, met the minimum score of 75. The minutes also show that Damerow, who was employed by Upjohn as the Michigan Works director at the time, noted that there were financial problems with plaintiff. Later review, however, determined that plaintiff's information was mis-scored and should have received a higher score than the minimum threshold score of 75. Despite this scoring error, defendants refused to grant plaintiff's appeal of the bidding process because there was a pattern of poor communications, questionable financial proceedings leading to findings that were unacceptable, as well as concerns that plaintiff's proposed budget was weighted toward staff and administrative expenses.

Plaintiff then filed a complaint alleging, in relevant part, that because plaintiff's bid was decided on inaccurate information, defendants were liable for false light invasion of privacy; defendants disagreed. The trial court agreed with defendants and, because plaintiff had presented no evidence of malice, granted summary disposition to defendants on that issue. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition to defendants because malice is not an element of false light invasion of privacy when the plaintiff, as in this case, is not a public figure. We disagree.

### A. STANDARD OF REVIEW

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*.

### B. ANALYSIS

There are four types of invasion of privacy claims: "(1) intrusion upon the plaintiff's seclusion or solitude or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity that places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Puetz v Spectrum Health Hosps*, 324 Mich App 51, 69; 919 NW2d 439 (2018) (citation and quotation marks omitted). This Court recently addressed false light invasion of privacy claims in *Puetz* and held that

[i]n order to maintain an action for false-light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position. [*Id*. (citation and quotation marks omitted).]

"Further, the defendant must have known of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Id*. (citation and quotation marks omitted). Finally, "in order to establish a false-light claim, a plaintiff must establish that when the defendant disseminated the information, it was done with actual knowledge or reckless disregard of the truth or falsity of the publicized matter." *Id*. at 73-74.

Although no Michigan court has *analyzed* whether malice is a required element for a private plaintiff pursuing a false light claim, our Court has, for at least the last 35 years, articulated malice as an element of such a claim. See, e.g., *Sawabini v Desenberg,* 143 Mich App 373, 381 n 3; 372 NW2d 559 (1985);[2] *Hall v Pizza Hut*, 153 Mich App 609, 617-618; 396 NW2d 809 (1986); *Early Detection Center PC v New York Life Ins Co*, 157 Mich App 618, 629; 403 NW2d 830 (1986), and *Puetz*, 324 Mich App at 69. So has the Supreme Court. See *Dadd v Mount Hope Church*, 486 Mich 857; 780 NW2d 763 (2010) ("The trial court properly instructed the jury on false light invasion of privacy, which included an instruction that 'plaintiff must prove by a preponderance of the evidence that the defendant must have known or acted in reckless disregard of the falsity of the information and the false light in which the plaintiff would be perceived.' "). Many of these cases involved seemingly private plaintiffs, and each stated that such a plaintiff must "establish that when the defendant disseminated the information, it was done with actual knowledge or reckless disregard of the truth or falsity of the publicized matter." *Id*. at 73-74.[3] In other words, the private plaintiff must prove malice. *Ireland v Edwards*, 230 Mich App 607, 622; 584 NW2d 632 (1998) (defining malice as knowledge that the "statement was false or as reckless disregard as to whether the statement was false or not."); see also *Feyz v Mercy Mem Hosp*, 475 Mich 663, 667; 719 NW2d 1 (2006).

The significance in the difference between a private plaintiff, as here, and a public figure (or limited public figure) as in *Battaglieri v Mackinac Ctr For Pub Policy*, 261 Mich App 296, 304; 680 NW2d 915 (2004), seemingly affects only the burden of proof—preponderance of the evidence for a private plaintiff, see M Civ JI 114.06 & 8.01, and clear and convincing evidence for a public figure. *Battaglieri*, 261 Mich App at 304. See *Dadd*, 486 Mich 857 ("The trial court properly instructed the jury on false light invasion of privacy, which included an instruction that 'plaintiff must prove by a preponderance of the evidence that the defendant must have known or

---

[2] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

[3] Some other decisions have not articulated this element, but that mostly appears to be as a result of the Court simply laying out a general framework for the tort in instances in which the claim failed without regard to the malice issue. See, e.g., *Duran v Detroit News, Inc*, 200 Mich App 622, 631-632; 504 NW2d 715 (1993).

acted in reckless disregard of the falsity of the information and the false light in which the plaintiff would be perceived.' ").

Plaintiff argues that because it is not a public figure, malice is not an element of its cause of action for false light invasion of privacy. In *Battaglieri*, 261 Mich App at 304, this Court held that malice is an element of false light invasion of privacy if the plaintiff is a public figure. This holding was based on requirements of the First Amendment and the similarities between defamation and false light invasion of privacy; the *Battaglieri* Court's holding did not address whether malice was a required element when the plaintiff in a false light action is not a public figure. See *id*. Because private figures in defamation cases are not required to show malice, it appears that under *Battaglieri,* plaintiff would have a strong argument that when the plaintiff is a non-public figure, malice ought not be an element of false light invasion of privacy claims either. See *J & J Const Co v Bricklayers & Allied Craftsmen, Local 1*, 468 Mich 722, 735; 664 NW2d 728 (2003) (holding that plaintiffs in defamation cases need only prove negligence, not malice). This Court, however, has discussed the elements of false light invasion of privacy much more recently in *Puetz*.

*Puetz* did not address whether the plaintiff was a public or a private figure. See *Puetz*, 324 Mich App at 56-80. But, as noted earlier, the *Puetz* Court nevertheless *did* clearly state the elements of false light invasion of privacy, *id*. at 69-71, 73-76, and in setting forth those elements, did not differentiate between public and private plaintiffs. See *id*. Specifically, when addressing the malice element of false light invasion of privacy, the *Puetz* Court stated that "in order to establish a false-light claim, *a plaintiff* must establish that when the defendant disseminated the information, it was done with actual knowledge or reckless disregard of the truth or falsity of the publicized matter." *Id*. at 73-74 (emphasis added). We decline to depart from the weight of the longstanding and consistent authority on this matter.[4] Consistent with *Dadd*, *Sawabini*, *Hall*, and *Early Detection Center,* this formulation of the elements of a false-light claim applies to *all plaintiffs*—both public and private figures. See *id*.

Thus, as established by the *Puetz* Court, malice is an element of false light invasion of privacy, regardless of whether the plaintiff is a public or private figure. Consequently, the trial court did not err by requiring plaintiff to show that defendants acted with malice. Plaintiff failed to present any such evidence and, therefore, could not survive defendants' motion for summary disposition.

Plaintiff's entire argument is that this Court should hold that malice is not an element of false light invasion of privacy. As such, any argument that the trial court erred by granting summary disposition to defendants on plaintiff's false light invasion of privacy claims on other grounds is abandoned. *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) ("An appellant may not merely announce a position then leave it to this Court to discover and

---

[4] We do not mean to suggest that the bench and bar might not benefit from a specific analysis into whether there should be any malice requirement for private plaintiffs bringing claims for false light invasion of privacy, but, particularly in light of *Dadd*, we believe any such analysis should come from our Supreme Court.

rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority.").

### III. CONCLUSION

For the reasons stated, the trial court's order granting summary disposition to defendants is affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Christopher M. Murray
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel