*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICHOLAS BROWN,

      Plaintiff-Appellant/Cross-Appellee,

v

REDI-MED and JOHN KIRCHER,

      Defendants-Appellees/Cross-
      Appellants.

UNPUBLISHED
November 4, 2021

No. 354048
Bay Circuit Court
LC No. 19-003467-NZ

Before: MARKEY, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants John Kircher and Redi-Med. We affirm.

Redi-Med is an urgent care medical provider, and Kircher worked for Redi-Med as a physician's assistant. On September 27, 2017, plaintiff went to Redi-Med complaining of back pain and was treated by Kircher, who ultimately prescribed the painkiller Ultram for plaintiff. On October 7, 2017, plaintiff again sought medical treatment for back pain. This time he went to the emergency department at Covenant Healthcare. Plaintiff initially received prescriptions for Ultram and Vicodin; however, the medical provider canceled the prescriptions when it was discovered that plaintiff had recently filled several other large prescriptions for painkillers. A Michigan Automated Prescription Systems report was generated, revealing that plaintiff had filled multiple prescriptions for Ultram and Vicodin between mid-August and mid-September 2017.

A police investigation was initiated and, as part of the investigation, the police interviewed Kircher, who initially reported that he had not prescribed Ultram for plaintiff. Plaintiff was arrested and charged with three counts of obtaining a controlled substance by fraud. Medical records were later found which showed that Kircher had in fact prescribed Ultram for plaintiff. And the criminal charges were dismissed.

Plaintiff filed a civil suit in the instant case, alleging that defendants had disregarded their duties and obligations to plaintiff by committing, at variance with national standards, the following negligent acts and omissions:

-1-

a. did not adequately keep, maintain, or monitor, a file system regarding it's [sic] patients, directly leading to the aforementioned criminal charges, loss of housing, loss of employment, emotional distress and other losses by Plaintiff.

b. failed to draft, promulgate, adopt, or enforce appropriate rules, regulations, policies, procedures, bylaws, orders, and constitutional provisions that could and should have prevented the acts and negligence committed against Plaintiff and that also could have and should have prevented the aforementioned injuries that Plaintiff suffered, all of which could and should have been accomplished.

c. failed to utilize due diligence in establishing whether or not the September 27, 2017 Ultram prescription was valid or not.

Defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that plaintiff's lawsuit constituted a medical malpractice action that was time-barred. The trial court granted defendants' motion with respect to plaintiff's first two claims, (a) and (b) above, concluding that they sounded in medical malpractice. But the trial court denied the motion in regard to the third claim, (c) above, determining that it sounded in ordinary negligence and could thus go forward.

Defendants filed a second motion for summary disposition under MCR 2.116(C)(10) contending that they could not be held liable for damages associated with plaintiff's remaining claim because the police investigation and the prosecutor's charging decision constituted intervening, superseding causes of plaintiff's alleged damages. The trial court agreed, ruling that the conduct of the police and prosecutor broke the causal chain or connection between the alleged negligence committed by defendants and the harm claimed by plaintiff. Accordingly, the trial court summarily dismissed the claim, and plaintiff appeals by right. Defendants filed a cross-appeal, arguing that the outstanding claim, like the other claims, sounded in medical malpractice and was thus time-barred.

On appeal, plaintiff maintains that the police investigation was not an intervening, superseding cause of plaintiff's damages. We need not explore the issue of causation, factual or legal, because Michigan law, for public policy reasons, simply does not recognize a viable cause of action for negligence in providing information to the police during an investigation. See *Simpson v Burton*, 328 Mich 557, 562-563; 44 NW2d 178 (1950) ("It is the law of Michigan that one who merely gives information regarding an offense does not incur liability, even though the party giving the information acted maliciously or without probable cause") (quotation marks and citations omitted); *Shinglemeyer v Wright*, 124 Mich 230, 239-240; 82 NW 887 (1900); *Eddington v Torrez*, 311 Mich App 198, 202; 874 NW2d 394 (2015) ("reports of crimes or of information about crimes to the police are absolutely privileged"); *Hall v Pizza Hut of America, Inc*, 153 Mich App 609, 619; 396 NW2d 809 (1986). "[W]e could not reliably have practical law enforcement if crime victims, or those with knowledge of crimes, were forced to risk a lawsuit upon reporting what they know or what they suffered." *Eddington*, 311 Mich App at 202. "Were our courts to impose civil liability on citizens who turn information over to the police and prosecutors, it would, quite simply, . . . impede criminal investigations." *Wilson v Sparrow Health Sys*, 290 Mich App

149, 154; 799 NW2d 224 (2010).  If we held otherwise, "it would have a chilling effect on citizens who discharge their civic duty to both inquire into and report information about possible criminal conduct to law enforcement officials." *Id.* at 153-154.  Here, plaintiff did not even allege malice or an intentional tort; rather, simple negligence was asserted.  Plaintiff failed to state a claim upon which relief could be granted.  MCR 2.116(C)(8).  Accordingly, on de novo review, *Caron v Cranbrook Ed Community*, 298 Mich App 629, 635; 828 NW2d 99 (2012), we hold that the trial court did not err by granting summary disposition in favor of defendants.

We affirm.  Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.


/s/ Jane E. Markey
/s/ Jane M. Beckering
/s/ Mark T. Boonstra